## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

|  |  |
|---|---|
| In re: Bertha Smith, Debtor | Chapter 7<br>Case No. 12-13831 (FJB) |
| Bertha Smith, Plaintiff<br>v.<br>U.S. Department of Education, Defendant | Adversary Proceeding<br>No. 12-01220 |

## **PRETRIAL ORDER**

1. The Court enters this order in an effort to expedite the disposition of the matter, discourage wasteful pretrial activities, and improve the quality of the trial through thorough preparation. The parties are strongly urged to consider resolving their dispute by mediation.

2. The parties are ordered to confer as soon as possible pursuant to Fed. R. Civ. P. 26, made applicable to this proceeding by Fed. R. Bankr. P. 7026, no later than thirty (30) days from the date of this Order.

3. The parties shall file within fourteen (14) days of the Rule 26(f) conference a certification that the Rule 26(f) conference has taken place, as well as a written report outlining a proposed discovery plan including all topics covered by Rule 26(f).  **The written report shall state that the parties have complied with the automatic disclosure provisions of Rule 26(a)(1) and (2) or contain an explanation of why the parties have not yet complied as well as a description of what actions the parties are taking to comply with Rule 26(a)(1) and (2).  The written report shall also contain the estimated length of trial.**

4. Discovery shall be completed 90 days from the date of this order, unless the Court, upon appropriate motion and/or consideration of the discovery plan, alters the time and manner of discovery.

5. The parties are ordered to file, within thirty days of the completion of discovery, a Joint Pretrial Memorandum approved by all counsel and unrepresented parties, which shall set forth the following:

   a. The name, address and telephone number of each witness, separately identifying those whom the party expects to present

   b. ... expected to be presented by means ... deposition and, if taken stenographically, a transcript of the pertinent portions of the deposition testimony, together with objection to such testimony (see paragraph (e) below).

   c. A list of witnesses intended to be called as experts, together with any objection to the calling of such expert (see paragraph (e) below).

   d. An appropriate identification (pre-numeration) of each document or other exhibit, other than those to be used for impeachment, in the sequence in which they will be offered, including summaries of other evidence, separately identifying those exhibits which the party expects to offer and those which the party may offer if the need arises.

      i. The parties shall bring sufficient copies of all exhibits to Court for trial so that a copy is available for the Court, the Courtroom Deputy, the witness and all counsel. Exhibits shall be assembled in notebooks tabbed with appropriate exhibit numbers and shall be available at the commencement of trial.

      ii. Counsel may, but need not, file trial briefs, which shall be filed seven (7) days prior to trial, unless a shorter period is specified by the Court.

      iii. Counsel may be required to submit proposed findings of fact and conclusions of law at the conclusion of trial.

    e.   A specific statement of any objection together with the grounds therefor, reserved as to the admissibility of deposition testimony designated by another party and/or to the admissibility of documents or exhibits.  Objections not so disclosed, other than objection under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

    f.   A statement confirming that the parties have exchanged copies of the exhibits.

    g.   A statement indicating the parties' positions on attempting to resolve their dispute by mediation.  In the event the parties agree to mediation, the Court will liberally consider any motion to postpone the trial to accommodate the mediation.

    h.   Facts to which the parties have stipulated.

    i.   The issues of fact which remain to be litigated (evidence at trial shall be limited to these issues).

    j.   The issues of law to be determined.

    k.   A brief statement summarizing the Plaintiff's case.

    l.   A brief statement summarizing the Defendant's case.

    m.   Any revisions of the estimated length of trial since the filing of the written report required by paragraph (3) above.

    n.   Disclosures as required under Fed. R. Bankr. P. 7026 (2) relating to expert witnesses shall be made seven (7) business days prior to the date fixed for the filing of the joint Pretrial Memorandum, unless another time or sequence is set by the Court.

6.   A pretrial conference or trial shall be scheduled after the filing of the Joint Pretrial Memorandum.

7.   Any dispositive motions must be filed no less than seven (7) business days prior to the date fixed for the filing of the joint Pretrial Memorandum or the relief sought in such motions shall be deemed to have been waived.

8.  Failure to strictly comply with all of the provisions of this order may result in the automatic entry of a dismissal or a default as the circumstances warrant in accordance with Fed. R. Civ. P. 16, made applicable to this proceeding by Fed. R. Bankr. P. 7016.

Date: October 4, 2012

_____
Frank J. Bailey
United States Bankruptcy Judge