UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| BERTHA SMITH, | ) | Case No. 12-13831-FJB |
|     Debtor. | ) | |
| | ) | |
| BERTHA SMITH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 12-01220-FJB |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, | ) | |
|     Defendant. | ) | |

**JOINT PRETRIAL MEMORANDUM**

A. **The name, address and telephone number of each witness, separately identifying those whom each party expects to present and those whom each party may call if the need arises.**

Plaintiff:    Bertha Smith
               601 Arboretum Way
               Canton, MA 02021

Defendant:   May call if the need arises:
               Bertha Smith
               601 Arboretum Way
               Canton, MA 02021

B. **A list of witnesses whose testimony is expected to be presented by means of deposition and, if taken stenographically, a transcript of the pertinent portions of the deposition testimony.**

Plaintiff:    N/A

Defendant:   N/A

**C.    A list of witnesses intended to be called as experts, together with any statement(s) as to an objection to their qualification.**

Plaintiff:   N/A

Defendant:   N/A

**D.    An appropriate identification of each document or other exhibit, other than those to be used for impeachment, in the sequence in which they will be offered, including summaries of other evidence, separately identifying those exhibits which each party expects to offer and to those which each party may offer if the need arises.**

Joint Exhibits:

1    Plaintiff's Chapter 7 Voluntary Petition

2    Plaintiff's Statement of Current Monthly Income and Means Test Calculation

3    Plaintiff's paystubs for the six months prior to the bankruptcy filing

4    Plaintiff's paystubs for 9/2/12 to 4/6/13

5    Plaintiff's checking account statement from 12/1/10 to 12/30/11

6    Plaintiff's savings account statement from 12/1/10 to 12/30/11

7    Plaintiff's checking account statement from 10/1/12 to 3/31/13

8    Plaintiff's savings account statement from 10/1/12 to 3/31/13

9    Plaintiff's 2009 tax transcript

10   Plaintiff's 2010 tax transcript

11   Plaintiff's 2011 Federal and State tax returns

12   Plaintiff's 2012 Federal and State tax returns

13   William D. Ford Direct Loan Program Bankruptcy Fact Sheet Executed by Tracey Bird-Remillard

14      Application and Master Promissory Note: Federal Direct PLUS Loan William D. Ford Federal Direct Loan Program Electronic Signature by Bertha Smith 09/12/2006

15      William D. Ford Federal Direct Loan Program Direct PLUS Loan Borrower's Rights and Responsibilities Statement

16      Federal Direct Consolidation Loan Application and Promissory Note Executed by Bertha Smith on 07/22/2011

17      Federal Direct Consolidation Loan Borrower's Rights and Responsibilities

18      William D. Ford Federal Direct Loan Program Income Contingent Repayment Plan & Income-Based Repayment Plan Consent to Disclosure of Tax Information Executed by Bertha Smith 07/22/2011

19      Direct Loans Repayment Plan Selection

20      Direct Loans Income Contingent Repayment Plan & Income-Based Repayment Plan Alternative Documentation of Income

21      Borrower History and Activity Report Prior to September 30, 2011

22      Borrower History and Activity Report After October 1, 2011

23      Payment and Principal Balance History Log

24      National Student Loan Data System - Loan History

**E.**      **A specific statement of any objection, together with the grounds therefor, reserved as to the admissibility of deposition testimony designated by another party and/or to the objection under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.**

Plaintiff:    N/A

Defendant:    N/A

F.    **A statement confirming that the parties have exchanged copies of exhibits.**

Except with respect to Plaintiff's 2012 Federal and State tax returns, which will be provided by Plaintiff to Defendant as soon as possible, copies of all of the "Joint Exhibits" were exchanged by the parties as part of the Automatic Disclosures or in connection with the preparation of this Joint Pretrial Memorandum.

G.    **A statement indicating the parties' positions on attempting to resolve their dispute by mediation. In the event the parties agree to mediation, the Court will liberally consider any motion to postpone the trial to accommodate the mediation.**

The parties do not wish to attempt to resolve the matter through mediation.

H.    **Facts to which the parties have stipulated.**

Over 10 years ago, Plaintiff took out a student loan (the "First Student Loan") for her own benefit so that she could attend college at the Computer Processing Institute formerly located in Cambridge, Massachusetts.

In 2006, Plaintiff took out a second student loan, a Parent PLUS Loan (the "Second Student Loan," and together with the First Student Loan, the "Student Loans"), in the amount of $22,000 for the benefit of her son, Antoine R. Smith, so that he could attend college at Morehouse College in Atlanta, Georgia.

In 2008, Plaintiff reconsolidated the First Student Loan.

Two of the unsecured non-priority claims owing by Plaintiff and listed on Schedule F to Plaintiff's bankruptcy petition are (i) the balance of the First Student Loan owing to Defendant, $7,423.25, and (ii) the balance of the Second Student Loan, $31,481.04.

Currently, Plaintiff earns $2,195.27 per month as a claims reviewer for Partners HealthCare System, Inc. and receives $412.00 per month in Social Security assistance for Plaintiff's dependent daughter, age 15, for a total monthly income of $2,607.27.

As indicated on Schedule J to Plaintiff's bankruptcy petition, Plaintiff incurs monthly expenses of $3,248.00.

On May 2, 2012, Plaintiff filed a Chapter 7 Bankruptcy Petition (Case No. 12-13831-FJB) in the United Bankruptcy Court for the District of Massachusetts.

On June 1, 2012, the Chapter 7 Trustee issued a Report of No Distribution in Plaintiff's Chapter 7 case.

On August 31, 2012, Plaintiff filed an Adversary Proceeding seeking to discharge her outstanding student loan debt.

On September 13, 2012, the Bankruptcy Court issued an Order Discharging the Plaintiff.

**I.    The issues of fact which remain to be litigated (evidence at trial shall be limited to these issues).**

Whether Plaintiff's outstanding student loan debt is entitled to a discharge under 11 U.S.C. § 523(a)(8).

**J.    The issues of law to be determined.**

Whether the Plaintiff's outstanding student loan debt is entitled to a discharge under 11 U.S.C. § 523(a)(8).

**K.    A brief statement summarizing the Plaintiff's case.**

The Student Loans are dischargeable under 11 U.S.C. § 523(a)(8). Excepting the Student Loans from discharge under 11 U.S.C. §523(a)(8) would impose an undue hardship on Plaintiff and her dependent. Plaintiff's monthly income is insufficient even to cover Plaintiff's and her dependent's bare necessities; before paying any of her debts – including the Student Loans – Plaintiff lives on a monthly deficit for herself and her dependent. As such, if forced to repay the Student Loans, Plaintiff would be unable to maintain a minimal standard of living for herself and her dependent. Plaintiff has no current or anticipated available income or resources with which to repay the Student Loans, and this financial situation will likely persist for the foreseeable future. Despite this, Plaintiff has made a good faith effort to repay the Student Loans. Under the totality of the circumstances, Plaintiff cannot repay the Student Loans without herself and her dependent suffering an undue hardship.

**L.    A brief statement summarizing the Defendant's case.**

Plaintiff's student loan debt is non-dischargeable under 11 U.S.C. § 523(a)(8). Defendant asserts that excepting Plaintiff's student loan debt from discharge will not impose an undue hardship on Plaintiff. The burden of proof for establishing undue hardship rests on Plaintiff by a preponderance of the evidence and it is expected that Plaintiff will not be able to meet her burden of proof under 11 U.S.C. § 523(a)(8) and relevant case law.

**M.    Any revision of the estimated length of trial since the filing of the written report required by paragraph (3) above.**

The parties estimate that the length of trial will take no more than one day.

By the Parties,

| U.S. DEPARTMENT OF EDUCATION, | BERTHA SMITH, |
|---|---|
| CARMEN M. ORTIZ <br> United States Attorney | |
| /S/ Christopher R. Donato <br> Christopher R. Donato (BBO #628907) <br> Assistant U.S. Attorney <br> U.S. Attorney's Office <br> John Joseph Moakley Courthouse <br> 1 Courthouse Way, Suite 9200 <br> Boston, MA 02210 <br> (617) 748-3303 <br> Chris.Donato@USDOJ.Gov | */S/ Steven T. Hoort <br> Steven T. Hoort (BBO #239380) <br> R. Hardin Matthews (BBO #325020) <br> Matthew F. Burrows (BBO #677016) <br> Alyssa Kollmeyer (BBO #682437) <br> Ropes & Gray LLP <br> Prudential Tower <br> 800 Boylston Street <br> Boston, MA 02199-3600 <br> Steven.Hoort@RopesGray.com <br> Hardin.Matthews@RopesGray.com <br> Alyssa.KollmeyerHoort@RopesGray.com <br> Matthew.Burrows@RopesGray.com |
| Dated: May 1, 2013 | Dated: May 1, 2013 |

\*    Counsel for Bertha Smith, Steven Hoort, authorized the affixation of his electronic signature on this document by email dated May 1, 2013.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: May 1, 2013                                           /S/ Christopher R. Donato
                                                             Christopher R. Donato
                                                             Assistant U.S. Attorney